UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. VIGIL, | No. 2:25-cv-0629 DAD AC PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JP MORGAN CHASE BANK, N.A., | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

**I.     Screening**

A. Legal Standard

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

1

1    ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a
2    "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed
3    in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is
4    entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the
5    relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and
6    directly. Fed. R. Civ. P. 8(d)(1).
7         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8    Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
9    court will (1) accept as true all of the factual allegations contained in the complaint, unless they
10   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
11   plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von
12   Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
13   denied, 564 U.S. 1037 (2011).
14        The court applies the same rules of construction in determining whether the complaint
15   states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
16   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
17   construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
18   less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
19   (1972). However, the court need not accept as true conclusory allegations, unreasonable
20   inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
21   624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
22   to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
23   556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must
24   allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at
25   570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
26   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
27   Iqbal, 556 U.S. at 678.
28   ///

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff alleges that on September 19, 2024, he endorsed a contract for a vehicle loan with the following language "WITHOUT RECOURSE, Pay to the order of THEODORE JOSEPH VIGIL By: Theodore-Joseph:Vigil/Agent." ECF No. 1 at 3. Plaintiff cites to his attached Exhibit A, which he identifies as the "Endorsed Auto Contract." This exhibit contains a photo of one page of paper with the title "Retail Installment Sale Contract – Simple Finance Charge (With Arbitration Provision)," identifying a 2022 used Ford Explorer as the subject of the loan agreement. ECF No. Id. at 13. On October 16, 2024, plaintiff sent defendants a "Notice of Acceptance" along with "negotiable instruments and remittance coupons for the full balance of the loan, pursuant to UCC § 3-603." Id. at 3. Plaintiff refers to attached Exhibit B, the "Notice of Acceptance & Debt Validation Request." Id. The referenced document, titled "Notice of Acceptance" and addressed to the CEO of JP Morgan Chase & Co., states in part, "I, Theodore-Joseph: Vigil, Accept for Value all related endorsements of this matter and resubmit coupon as Tender of Payment pursuant to 3-419 HJR 192,31 CFR § 328.6 and the Emergency Banking Act of 1933, Public Law 73-10." Id. at 15. It goes on to state, "If you do not accept this coupon, you will be in Dishonor and the amount is automatically discharged pursuant to UCC 3-603." Id.

Plaintiff alleges that Chase's executive office, in violation of the Fair Debt Collection Practices Act and the Truth in Lending Act, refused to process the negotiable instrument as required under the UCC and federal law. Id. Defendant "wrongfully refused to process Plaintiff's lawful payment and improperly returned submitted documents" in violation of UCC § 3-505. Id. at 4. The referenced letter reads: "We are returning the enclosed correspondence that you recently sent us, for the following reason: We only accept U.S. currency in the form of checks, cashier checks, and money orders, without restrictive endorsements, drawn on U.S. banks

///

1 and payable in the United States.  The form of payment you provided is not legal tender and you
2 remain liable under the loan/lease agreement." Id. at 30.

3     Plaintiff then requested an original copy of the contract containing his "wet ink signature"
4 which defendant did not provide.  Id. at 4-5.  Plaintiff later sent defendant Power of Attorney
5 documents to "reinforce Plaintiff's authority over the account," which he attached as Exhibit F.
6 Id. at 5.  Defendant refused to honor the power of attorney document and on January 15, 2025,
7 issued a Default Notice, threatening repossession, despite the ongoing failure to validate the
8 alleged debt.  Id. at 6.

9   C. Analysis

10     As previously noted, under § 1915, the court must dismiss the case if the action is
11 frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B).  The court lacks subject matter jurisdiction
12 over frivolous cases. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)
13 (holding federal courts lack subject matter jurisdiction to consider claims that are "so
14 insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely
15 devoid of merit as not to involve a federal controversy."); Hagans v. Lavine, 415 U.S. 528, 537
16 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious,"
17 "obviously frivolous" or "obviously without merit").  A claim is legally frivolous when it lacks an
18 arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).
19 Accordingly, courts must dismiss a claim as frivolous where it is based on an indisputably
20 meritless legal theory or where the factual contentions are "clearly baseless," a category
21 encompassing allegations that are "fanciful," "fantastic," and "delusional").  Id. at 327; see also
22 Denton v. Hernandez, 504 U.S. 25, 33 (1992); Fed. R. Civ. P. 12(h)(3).  "[T]he frivolousness
23 determination is a discretionary one" for the court.  Denton, 504 U.S. at 33.

24     Here, the underlying premise of the complaint is that plaintiff's note to defendant
25 constituted legal tender that discharged the debt on his car loan, and that defendant violated the
26 law by not accepting the note and discharging the loan.  Although plaintiff does not explicitly
27 identify himself as such, the complaint is replete with the "legal-sounding but meaningless"
28 language "commonly used by adherents to the so-called sovereign-citizen movement." Sealey v.

1  Branch Banking & Tr. Co., No. 2:17-cv-785-MHT-SMD, 2019 WL 1434065, at *2, 2019 U.S. Dist. LEXIS 28585 (M.D. Ala. Feb. 21, 2019).  For example, plaintiff appears to subscribe to the "strawman" theory that a person's name, when spelled in all capital letters, creates a separate legal entity (e.g., ECF No. 1 at 3), frequently cites to the Uniform Commercial Code, and argues that an "endorsement" or other non-standard, self-generated document is a form of legal tender, a meritless assertion that courts "have easily rejected."  Bendeck v. U.S. Bank Nat'l Assn, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *4, 2017 U.S. Dist. LEXIS 97404 (D. Haw. June 23, 2017).  Plaintiff's legal claims are frivolous and similar claims have been "rejected by countless federal courts."  Caetano v. Internal Revenue Serv., No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4, 2023 U.S. Dist. LEXIS 81020 (E.D. Cal. May 9, 2023) (collecting cases), report and recommendation adopted, No. 1:22-CV-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).

The complaint does not contain facts supporting any cognizable legal claim against any defendant because it is clear from the complaint that plaintiff provided non-legal tender to defendant in an attempt to pay a loan, and defendant was not required to accept the non-legal tender.  Because the complaint is frivolous, the court recommends it be dismissed without leave to amend.

## II.  Motion for Temporary Restraining Order

Plaintiff also filed a motion for a temporary restraining order asking the court to prevent repossession of his vehicle.  ECF No. 3.  This motion was referred to the undersigned by the district judge for findings and recommendations.  ECF No. 4.  Underlying this motion is plaintiff's contention that he satisfied the loan in full by sending a "Notice of Acceptance with remittance coupons and negotiable instruments for the full balance of the loan, pursuant to UCC § 3-603" which defendant improperly rejected as non-legal tender.  ECF No. 3 at 9.  Because this theory is meritless, as discussed above, the undersigned recommends the motion for a temporary restraining order be denied.

///

///

### III. Pro Se Plaintiff's Summary

Your motions to proceed without paying the filing fees are being granted, and you do not have to pay the filing fee. However, the Magistrate Judge has determined that your complaint cannot be served because it does not state any legal claim that the court can help with. The Magistrate Judge is recommending that your case be dismissed. You have 21 days to file an objection to this recommendation. The district judge will make the final decision.

### IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, IT IS HEREBY RECOMMENDED that that the motion for a temporary restraining order (ECF No. 3) be DENIED, that all claims against all defendants be DISMISSED, and that this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: April 1, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE