UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. VIGIL,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A.,<br><br>Defendant. | No. 2:25-cv-00629-DAD-AC (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PLAINTIFF'S COMPLAINT AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 3, 5) |

Plaintiff Theodore J. Vigil, proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 24, 2025. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 2, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint (Doc. No. 1) be dismissed for failure to state a claim and plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 3) be denied. (Doc. No. 5.) In the findings and recommendations, the magistrate judge observed that plaintiff's complaint is "replete with the legal-sounding but meaningless language commonly used by adherents to the so-called sovereign-citizen movement" and that plaintiff "appears to subscribe to the strawman theory that a person's name, when spelled in all capital letters, creates

1

a separate legal entity" and the theory that an "endorsement or other non-standard, self-generated document is a form of legal tender." (*Id*. at 4–5.) The magistrate judge noted that the "underlying premise of the complaint is that plaintiff's note to defendant constituted legal tender that discharged the debt on his car loan, and that defendant violated the law by not accepting the note and discharging the loan." (*Id*. at 4.) The magistrate judge concluded that plaintiff's complaint is frivolous "because it is clear from the complaint that plaintiff provided non-legal tender to defendant in an attempt to pay a loan, and defendant was not required to accept the non-legal tender." (*Id*. at 5.) The magistrate judge further recommended that plaintiff's motion for a temporary restraining order asking the court to prevent repossession of his vehicle be denied because plaintiff's theory that he satisfied the loan in full by sending defendant a "Notice of Acceptance with remittance coupons and negotiable instruments" which defendant improperly rejected as non-legal tender is meritless. (*Id*.) Those pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 6.) On April 10, 2025, plaintiff timely filed objections to the pending findings and recommendations. (Doc. No. 6.)

In his objections, plaintiff "unequivocally states that this action is not affiliated with, nor based on, any 'sovereign citizen' ideology or fringe legal theory" and argues that his claims "are grounded solely in established federal and commercial law." (Doc. No. 6 at 2.) Yet plaintiff still argues that "this case centers on defendant's failure to fulfill its legal obligations, including refusal to validate a disputed debt" and that he submitted a "negotiable instrument . . . clearly intended to discharge the disputed obligation." (*Id*. at 2.) Plaintiff further argues that his "instrument" contained explicit language, met all the criteria of a negotiable instrument, and was tendered in good faith. (*Id*. at 4–8.) The court has reviewed plaintiff's objections and the evidence attached to his complaint of his attempted payment and finds that none of plaintiff's arguments present a basis upon which to reject the magistrate judge's recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

2

Accordingly,

1. The findings and recommendations issued on April 2, 2025 (Doc. No. 5) are ADOPTED in full;
2. Plaintiff's complaint (Doc. No. 1) is DISMISSED, without leave to amend;
3. Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 3) is DENIED; and
4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **May 1, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3